

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. A. Miller
County Attorney
Newton County
Newton, Texas

Dear Sir:

Opinion No. O-5442
Re: Sufficiency of county judge's order certifying publication of results of local option liquor election where it fails to recite that postings were made in public places.

    You have requested the opinion of this department as to whether the following order complies with the terms of Article 666-38 of Vernon's Penal Code of Texas when such order is under attack in a criminal prosecution.

> "Be it known that, I Causey Mattox, County Judge of Newton County, Texas have on this the 5th day of June, A. D. 1939 posted three (3) copies of an order entered by the Comm. Court on June 5th 1939 Canvassing the returns and Certifying the results and entering an order prohibiting the sale of all Alcohol beverage in Newton Co. Tex.
>
> "Given under my hand and seal of office at Newton Texas this 5th day of June, A. D. 1939.
>
> /s/ Causey Mattox
>
> County Judge Newton Co. Texas"

    It is to be noted that Article 666-38 of Vernon's Penal Code requires that the order of the commissioners' court declaring the result of a local option election and prohibiting the sale of liquor shall be posted at three public places within the county or the political subdivision where the election was held. This statute further provides that an entry by

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. A. Miller, page 2

the county judge on the minutes of the commissioners' court showing this posting shall be prima facie evidence thereof. Without considering other defects which this order might have, it is our opinion that it does not comply with Article 666-38 because it does not show that the three postings were made in public places as required by the statute. For all that appears from the order the postings might have been made in the office of the county judge or in some other place not public. We have found no case directly in point on this question but in the case of Ladwig v. State, 51 S. W. 390, arising under our previous local option law which had a statute substantially the same as that under consideration, the court said:

"We hold that the order of the county judge must show the character of publication, how published, and the required length of time; and that the order here introduced was not in compliance with the statute, and did not constitute a prima facie case contemplated by the statute; and that the court in the absence of any other proof on the subject should have given the requested charge."

However, it seems that under the decisions, even the absence of the order about which you inquire, would not be fatal to a prosecution provided the election under which it was brought was valid in other respects. The effect of the absence of the county judge's order certifying as to the posting or of its insufficiency, simply deprives you of its use as prima facie evidence of the posting and it does not preclude you from offering other competent testimony that the posting was actually carried out as required by law. See Ezzell v. State, 16 S. W. 782; Jones v. State, 43 S. W. 981; and Armstrong v. State, 47 S. W. 981. Furthermore, it seems well established that there is no objection to a proper entry of the order in question by the county judge made long subsequent to the election. It has been held in one instance that it was not improper for the judge to make the entry correctly on the day preceding a criminal trial based on the election. It was held proper also for the entry to be made by a succeeding county judge on a proper showing that the publication was actually made by his predecessor. See Barham v. State, 53 S. W. 109 and Casey v. State, 59 S. W. 884.

Honorble A. A. Miller, page 3

We trust that this sufficiently answers your inquiry
and that you will find it possible to sustain your criminal
prosecution.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Eugene Alvis*

Eugene Alvis
Assistant

EA:db

APPROVED JUL 22, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN